**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

REYNALDO GRIEGO,

    Petitioner,

v.                                                         Civ. No. 16-00682-JCH-GJF
                                                         Crim. No. 14-00591-JCH

UNITED STATES OF AMERICA,

    Respondent.

**ORDER REQUIRING SUPPLEMENTAL BRIEF AND ANSWER**

This Matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Petitioner Reynaldo Griego's Motion To Correct Sentence Under 28 U.S.C. § 2255, which seeks to vacate the enhancement of Petitioner's sentence under the United States Sentencing Guidelines, in light of the *Johnson v. United States*, 135 S. Ct. 2551 (2015).   [CV Doc. 1; CR Doc. 108]   After Petitioner's § 2255 motion was filed, the United States Supreme granted certiorari to consider whether, *inter alia*, (1) *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); and (2) an offense listed as a "crime of violence" only in the commentary to U.S.S.G. § 4B.2, remains a "crime of violence" after *Johnson*.   See *Beckles v. United States*, No. 15-8544 (cert. granted June 27, 2016).   Additionally, after Petitioner's § 2255 motion was filed, the Tenth Circuit Court of Appeals issued its opinion in *United States v. Mitchell*, No. 15-7076 (10th Cir. June 29, 2016) (slip op), indicating that "the additional element of deadly or dangerous weapon makes an apprehension-causing assault a crime of violence, even if the simple assault would not be."   *Id.* at 12.

In light of the foregoing, the Court will require Petitioner to file a supplemental brief

addressing the following two issues and attaching any relevant state court documents pertinent to an analysis of Petitioner's prior conviction of aggravated assault against a household member (Deadly Weapon) under the modified categorical approach:

    1.    Whether this case should be stayed pending the United States Supreme Court's ruling in *Beckles v. United States*, No. 15-8544?

    2.    What effect, if any, *United States v. Mitchell*, No. 15-7076 (10th Cir. June 29, 2016) (slip op), has upon this case?

After Petitioner's supplemental brief has been filed, the Government will have thirty days in which to file a response to the § 2255 motion and supplemental brief.

**IT IS HEREBY ORDERED** that the Clerk is directed to forward to the United States of America a copy of Petitioner's Motion To Correct Sentence Under 28 U.S.C. § 2255 and a copy of this Order;

**IT IS FURTHER ORDERED** that, within thirty (30) days of the entry of this Order, Petitioner shall file a supplemental brief addressing the issues set forth above;

**IT IS FURTHER ORDERED** that, within thirty (30) days of the filing of Petitioner's brief, the United States shall file an answer to Petitioner's § 2255 motion and supplemental brief.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE