**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                               No.    CV 16-682 JCH/GJF
                                                    CR 14-591 JCH

REYNALDO GRIEGO,

        Defendant-Petitioner.

**ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DENYING PETITIONER'S MOTION**

This matter is before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition. Doc. 16. To the extent explained herein, the Court will overrule the objections, adopt the Proposed Findings and Recommended Disposition (Doc. 15), and deny Petitioner's Motion (Doc. 1).

### I. BACKGROUND

On February 26, 2014, Petitioner and a co-defendant were charged by indictment with one count of conspiring to distribute more than 5 grams of methamphetamine and two counts of distributing more than 5 grams of methamphetamine. Cr. Doc. 1. The grand jury later returned a Superseding Indictment against the original defendants and a third defendant, but the charges against Petitioner remained the same. Cr. Doc. 19. On September 10, 2014, Petitioner pleaded guilty to the conspiracy charge (Count 1) pursuant to a written plea agreement. Cr. Docs. 58, 65. The parties stipulated pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the "appropriate sentence in this case is 120 months" of imprisonment. *Id.* ¶ 10a.

The Presentence Investigation Report (hereafter "PSR") recommended that the Court find that Petitioner was a career offender under U.S.S.G. § 4B1.1. In making this recommendation, the PSR emphasized that the instant offense was a controlled substance offense and that

Petitioner had a previous federal conviction for a controlled substance offense (CR 98-988 BB, D.N.M.) and a previous state aggravated assault with a deadly weapon conviction (D202CR201302614, 2nd Judicial District Court, NM).  PSR ¶ 29.  The PSR recommended an adjusted offense level of 31, a criminal history category of VI, and a resulting guideline imprisonment range of 188-235 months.  PSR ¶¶ 37, 57-58, 101.  In its final paragraph, the PSR concluded that "[b]ased on the above factors, and in consideration of 18 U.S.C. § 3553(a)(1)-(7), a sentence of 120 months custody in accordance with the Rule 11(c)(1)(C) plea agreement appears to be an appropriate sentence in this case."  PSR ¶ 119.  Petitioner filed no objections to the PSR.

On March 10, 2015, the Court held a sentencing hearing (Cr. Doc. 90) at which it accepted the Rule 11(c)(1)(C) plea agreement and sentenced Petitioner to a 120-month term of imprisonment.  Tr. 9, 11.  The Court pronounced itself "satisfied that the agreed sentence is justified," even though it represented a substantial variance from the guideline imprisonment range that Petitioner would otherwise have been subjected to as a career offender.  Tr. 11.  There was no discussion at the hearing about how or why Petitioner's current and prior convictions qualified him as a career offender under § 4B1.1.  The Court filed its Amended Judgment on March 12, 2015.  Cr. Doc. 94.  Petitioner did not appeal his sentence.

In his Motion, Petitioner argues that his prior New Mexico state conviction for aggravated assault against a household member with a deadly weapon no longer qualifies as a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Doc. 1 at 3.  He further contends that *Johnson* should apply retroactively to reduce the adjusted guideline range he would have faced from 188-235 months to 77-96 months.  *Id.* at 4.  He asserts that his 120-month sentence should be vacated because he never would have agreed to a sentence that was 24 months longer than the top end of what should have been the appropriate range.  *Id.* at 2.

2

In opposition, the United States contends that New Mexico's aggravated assault with a deadly weapon statute remains a crime of violence irrespective of *Johnson*, because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." Doc. 5 at 3 (quoting U.S.S.G. § 4B1.2(a)(1)). Furthermore, the United States asserts that *Johnson* does not have retroactive application to Sentencing Guidelines cases pending on collateral review. Doc. 5 at 5-13.

On January 20, 2017, the Magistrate Judge filed his Proposed Findings and Recommended Disposition (PFRD). Doc. 15. He first concluded that the application of *Johnson* to the guidelines would not have retroactive effect under the *Teague* analysis, because it would be a non-watershed procedural rule. *See id.* 5-11. Therefore, he recommended denying Petitioner's motion on that ground. Nonetheless, in case the Court disagreed with the recommendation regarding non-retroactivity, he considered whether Petitioner's conviction for New Mexico aggravated assault with a deadly weapon remains a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), even after redacting its residual clause. On that issue, he concluded that a recent Tenth Circuit decision has definitively answered that question in a manner that binds this Court. *See id.* 12-15. The Magistrate Judge recommended that Petitioner's Motion be denied for both separate and independent reasons.

On February 1, 2017, Petitioner timely filed his objections to the PFRD. Doc. 16. First, Petitioner objects to the PFRD's recommendation that *Johnson* be held not to apply retroactively to collateral attacks on sentences imposed under the Sentencing Guidelines. *Id.* at 2-11. He also objects to the PFRD's recommendation that the Court hold that the New Mexico aggravated assault with a deadly weapon statute remains a crime of violence under U.S.S.G. § 4B1.1 even after *Johnson*. On that point, Petitioner essentially concedes that this Court is bound by a recent Tenth Circuit decision, but persists in his objection to preserve his ability to further appeal that

decision.  *Id.* at 11-12.  The United States filed no objections.

## II.  LEGAL STANDARD APPLICABLE TO OBJECTION

Petitioner's Motion (Doc. 1) was referred to Magistrate Judge Fouratt pursuant to 28 U.S.C. § 636(b)(1)(B).  See Doc. 9.  Under that referral provision, the Court's standard of review of any objections to a magistrate judge's PFRD is de novo.  *See* 28 U.S.C. § 636(b)(1)(C).  When resolving objections to a PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  "[A]n objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" Id. at 1060.  When neither party objects to a finding or recommendation, no further review by the district court is required.  *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985).  "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.  PETITIONER'S CLAIM IS NO LONGER COGNIZABLE UNDER 28 U.S.C. § 2255

After Petitioner filed his objections to the PFRD, the United States Supreme Court issued its decision in *Beckles v. United States*, 580 U.S. ___ (2017).[1]  In holding that "void for vagueness" claims under the Due Process Clause may not be levied against the United States

---

[1] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).

Sentencing Guidelines, the Supreme Court has effectively barred Petitioner's claims. This Court will deny his motion on the basis of *Beckles*.

### III. NEW MEXICO'S AGGRAVATED ASSAULT WITH DEADLY WEAPON STATUTE REMAINS A "CRIME OF VIOLENCE"

In addition, and in its discretion, the Court will deny the motion on the alternative ground that New Mexico's aggravated assault with a deadly weapon statute remains a crime of violence even after *Johnson*. In *United States v. Maldonado-Palma*, a case decided after the principal briefing on Petitioner's Motion was completed, the Tenth Circuit held that New Mexico's aggravated assault with a deadly weapon statute (N.M.S.A. § 30-3-2(A)) is categorically a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). 839 F.3d 1244, 1248-50 (10th Cir. 2016). Specifically, the court held that this statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 1244 (quoting U.S.S.G. § 2L1.2 (cmt. n.1(B)(iii)).[2]

In his objections, Petitioner essentially concedes that *Maldanado-Palma* has foreclosed his argument that his state conviction is no longer a crime of violence. Doc. 16 at 11-12. Petitioner acknowledges that he persists in this objection only "to preserve this issue for future litigation[.]" *Id.* at 12. For obvious reasons, the Court is bound to follow *Maldanado-Palma*. Consequently, even if sentenced again post-*Johnson*, Petitioner would remain a career offender under U.S.S.G. § 4B1.1 because he has at least three qualifying convictions as chronicled in his PSR. Petitioner would still be subject to a sentencing range substantially in excess of the 120-month term to which he and the Government agreed.

### CONCLUSION

For the foregoing reasons, the Court holds that the Supreme Court's decision in *Beckles*

---

[2] That language is identical to that used in the force clause of § 4B1.2(a)(1) that applies to career offenders like Petitioner.

has barred Petitioner's claim that the residual clause under U.S.S.G. § 4B1.2(a)(2) is void for vagueness.  The Court further holds that New Mexico's statute  that prohibits aggravated assault against a household member with a deadly weapon remains a crime of violence under U.S.S.G. § 4B1.2(a)(1).  Therefore, Petitioner remains a career offender under § 4B1.1.  Accordingly, the Court overrules Petitioner objections to the contrary and orders that Petitioner's motion is DENIED WITH PREJUDICE.

JUDITH C. HERRERA
United States District Judge